ORIGINAL
DEF
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

ANTHONY COSTA,

              Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CR-05-259 (FB)

*Appearances*

| *For the United States of America:* | *For the Defendant:* |
|---|---|
| ROSLYNN R. MAUSKOPF, ESQ. | ANTHONY COSTA, *Pro Se* |
| United States Attorney | Reg. No. 35257-054 |
| Eastern District of New York | USP Canaan |
| By: MARY M. DICKMAN, ESQ. | P. O. Box 300 |
| 1 Pierrepont Plaza, 16th Floor | Waymart, PA 18472 |
| Brooklyn, NY 11201 | |

**BLOCK, Senior District Judge:**

    Proceeding *pro se*, defendant Anthony Costa ("Costa") seeks an order "withdraw[ing] the lien order that was imposed by this Court on September 1, 2006," claiming that (1) "[t]he order was imposed in violation of the law"; (2) "[he] did not have a security interest in the property with which the lien was imposed"; and (3) the United States violated his due process rights "because of the fact that [it] failed to notify him of the possibility of a lien order being placed upon him or any property that [it] deems that he has a 'tangible interest' in." Def.'s Mct. to Withdraw Lien Order ("Def.'s Mot.") at 1; Def.'s Resp. to Pl.'s Opp'n at 3. Finding no record of a "lien order" issued by the Court in this action, the Court interprets Costa's application as a motion to cancel the lien filed by the Richmond

1

County Clerk on September 15, 2006. *See* Pl.'s Mem. of Law in Opp'n, Ex. B ("Notice of Lien"). For the reasons stated below, the Court denies Costa's application.

## I.

On May 12, 2005, Costa was convicted after pleading guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. *See* Docket Entry #5 (Minute Entry dated May 12, 2005). On August 9, 2006, the Court sentenced Costa to a term of imprisonment of 51 months, to be followed by a five-year term of supervised release, a special assessment of $100.00, and restitution in the amount of $305,750.00. *See* Docket Entry #10 (Judgment filed Aug. 15, 2006). Costa did not appeal.

On September 1, 2006, the United States requested that the Richmond County Clerk file a lien against all property belonging to Costa; the Notice of Lien listed Costa's residence as 123 Keating Street, Staten Island, New York 10309 ("123 Keating"). *See* Notice of Lien. On October 4, 2006, after the lien had been filed, the United States sent a copy to Costa. *See* Pl.'s Mem. of Law in Opp'n, Ex. C (Letter).

## II.

The United States is responsible for the collection of unpaid restitution, *see* 18 U.S.C. § 3612(c), and "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law, *id.* § 3613(a). The definition of "fine" includes orders of restitution. *See id.* § 3613(f).

A fine or restitution judgment "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were

a liability for a tax assessed under the Internal Revenue Code of 1986." *Id.* § 3613(c). A lien may be filed in accordance with the requirements of the state or local law governing the filing of a tax lien there. *See id.* § 3613(d). Under the Internal Revenue Code, the United States is entitled to file the notice of lien with the county that is the situs of any property in which the defendant has an interest. *See* 26 U.S.C. § 6323(f).

In New York State, a notice of lien created by federal law in favor of the United States may be filed against real property of a defendant with the county clerk in which the property is situated – except if the real property is situated in Kings, Queens, New York or Bronx counties, in which case the lien must be filed with the city register of the city of New York in such county. *See* N.Y. Lien Law § 240(1).

### III.

The Court has jurisdiction over the enforcement of criminal restitution orders. *See Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 702 (2d Cir. 2000) ("Congress intended to make restitution an element of the criminal sentencing process and not an independent action civil in nature."). Since Costa does not challenge the underlying restitution order giving rise to the United States' lien, the Court considers the appropriateness of the particular Notice of Lien filed in Richmond County.

Costa argues that the United States had no legal basis to list 123 Keating on the Notice of Lien because he has never had an interest in that property; in support of his argument, Costa directs the Court's attention to a deed abstract naming Terryann Gagliardi, not him, as title holder. *See* Def.'s Mot., Ex. A (Deed Abstract). In response, the United

3

States argues that (1) "[Costa] lived at [123 Keating] prior to his incarceration and it is likely that he has tangible personal property stored at [that] location," Mem. of Law in Opp'n at 7 (citing Presentence Investigation Report dated Dec. 29, 2006 ("PSR") at 2, 13, 17), and (2) "[t]he PSR identifies Terryann Gagliardi as [Costa's] spouse and states that she purchased [123 Keating] during their marriage," *id.* (citing PSR at 12-13). Costa does not dispute these allegations, only their sufficiency as a basis for asserting a lien against 123 Keating. *See, e.g.,* Def.'s Resp. to Pl.'s Opp'n at 2 ("[P]ersonal property alone cannot justify that a person also owns the [real] property [where it is stored].").

Contrary to Costa's assertions, the undisputed facts establish that he had a property interest in 123 Keating at the time the Notice of Lien was filed. *See* N.Y. Dom. Rel. § 236 (defining "marital property," subject to equitable distribution upon divorce, as "all property acquired by either or both spouses during the marriage . . . regardless of the form in which title is held, except as otherwise provided [by] agreement"). Accordingly, the United States had a legal basis to file a notice of lien in Richmond County pursuant to N.Y. Lien Law § 240(1).

Finally, the United States – in filing the Notice of Lien listing 123 Keating – did not violate Costa's due process rights since neither federal nor New York law requires the United States to provide a defendant with any notice prior to filing a notice of lien as part of its enforcement of a restitution judgment. *See* 18 U.S.C. § 3613; N.Y. Lien Law § 240.

## CONCLUSION

Defendant's application is denied.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 26, 2007